IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KENDRICK L. HOLLINGSWORTH                                         PETITIONER

v.                                                              No. 1:24CV20-GHD-RP

ATTORNEY GENERAL OF THE
STATE OF MISSISSIPPI                                              RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Kendrick L. Hollingsworth for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition for failure to exhaust state court remedies. The petitioner has not responded to the motion; the deadline to do so has expired, and the matter is ripe for resolution. For the reasons set forth below, the State's motion will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed without prejudice for failure to exhaust state remedies.

### Facts and Procedural Posture[1]

Hollingsworth is in the custody of the Mississippi Department of Corrections (MDOC) and is currently housed at the Mississippi State Penitentiary in Parchman, Mississippi. Hollingsworth filed his *pro se* federal petition for writ of *habeas corpus* under 28 U.S.C. § 2254. Doc. 1. In his petition, Hollingsworth challenges his plea in the Lee County Circuit Court for trafficking a controlled substance and possession of a firearm by a convicted felon and the resulting fifteen-year sentence in the custody of MDOC as habitual offender. Doc. 1.

Hollingsworth raises the following grounds for relief:

    **Ground One:**    Illegal search and seizure. Violation of Fourth Amendment and XIV Amendment due process.

    **Ground Two:**    Judicial misconduct. Violation of XIV Amendment rights and

---

[1] The court has drawn the facts and procedural posture from the State's motion to dismiss the instant petition for writ of *habeas corpus*, as they are both well-documented and uncontested.

|  |  |
|---|---|
|  | false imprisonment. |
| **Ground Three:** | Judicial misconduct and prosecutorial misconduct. Violation of constitutional rights. |
| **Ground Four:** | Violation of XIV Amendment right [to] due process. |
| **Ground Five:** | Violation of VI Amendment right. Ineffective assistance of counsel. |
| **Ground Six:** | Violation of VI Amendment right. Ineffective assistance of counsel. |
| **Ground Seven:** | Violation of VI Amendment right. Ineffective assistance of counsel. |
| **Ground Eight:** | Violation of VI Amendment right. Ineffective assistance of counsel. |
| **Ground Nine:** | Withholding information, malicious prosecution and judicial misconduct. |
| **Ground Ten:** | Violation of IV Amendment right. Illegal search and seizure. |
| **Ground Eleven:** | False Imprisonment, unlawful detainment and official misconduct. |
| **Ground Twelve:** | Official misconduct, false pretense, and targeting and framing expedition. |
| **Ground Thirteen:** | False pretense and targeting expedition. |
| **Ground Fourteen:** | Racial profiling, racial discriminating and targeting. |
| **Ground Fifteen:** | Tampering with evidence and official misconduct. |

Docs. 1, 1-1. In his prayer for relief, Hollingsworth requests that the court "expunge" the search warrant, "vacate[]" his plea "with prejudice," and "release" him from custody "immediately." Doc. 1 at 14.

Hollingsworth states that "[t]his is [his] first remedy" and admits that "none of the grounds in th[e] form [petition] or the grounds written on extra paper were presented[]" in the state courts. Doc. 1

at 6–11. Hollingsworth also states, and the online records of the Lee County Circuit Court and the Mississippi Supreme Court confirm, that he does not currently have any pending petitions or appeals in the state trial or appellate courts related to the plea and sentences at issue here.[2] Doc. 1 at 12.

**Plea and Sentences.**

Kendrick Hollingsworth entered a guilty plea to trafficking a controlled substance and possession of a firearm by a convicted felon in the Circuit Court of Lee County. Doc. 8-1 at 214–19 (MEC, Cause No. 1:22-cv-190, Doc. 52).[3] On December 5, 2023, the trial court sentenced Hollingsworth on Count I (trafficking methamphetamine) to serve a term of forty years, with twenty-five years suspended and fifteen years to serve as a habitual offender in MDOC custody and five years on post-release supervision. *See* **Exhibit A**; *see also* Doc. 8-1 at 209–10 (MEC, Cause No. 1:22-cv-190, Doc. 47). That same date, the trial court sentenced Hollingsworth on Count IV (possession of a firearm by a convicted felon) to serve a consecutive term of ten years, with ten years suspended *See* **Exhibit B**; *see also* Doc. 8-1 at 213 (MEC, Cause No. 1:22-cv-190, Doc. 50).[4]

**Post-Conviction Proceedings**

Hollingsworth admits that he did not file any motions for post-conviction relief in the state court challenging his plea and sentences for trafficking a controlled substance and possession of a

---

[2] The State reviewed the online records and relayed this information to the court.

[3] The State previously filed available documents from Hollingsworth's criminal case in the Lee County Circuit Court, as posted on the Mississippi Electronic Case (MEC) System, including the transcript of Hollingsworth's guilty plea to the charges at issue, in accordance with this Court's Order (Doc. 5). *See* Doc. 8, *et seq.* The court references that state trial court record as Documents 8 to 8-1 with the corresponding page number. The court also references Hollingsworth's MEC record with the appropriate document and page number.

[4] On the State's motion, the trial court retired to the file two additional counts of Hollingsworth's indictment (Counts II and III for possession of cocaine and possession of marijuana, respectively). *See* **Exhibit C**; *see also* Doc. 8-1 at 211–12 (MEC, Cause No. 1:22-cv-190, Docs. 48, 49).

firearm by a felon. Doc. 1. Lee County Circuit Court records, as posted on MEC, as well as the Mississippi appellate court records, as posted on the courts' official website, confirm that neither Hollingsworth nor counsel has filed an action in those courts.

### Federal *Habeas Corpus* Proceedings

Hollingsworth, proceeding *pro se*, filed his initial federal petition for writ of *habeas corpus* through the Inmate Legal Assistance Program (ILAP) on January 30, 2024. *See* Doc. 1; *see also* Doc. 4 (acknowledging receipt that his petition was submitted and filed on January 30, 2024, at the Central Mississippi Corrections Facility where Hollingsworth was housed at that time).

### Exhaustion

The instant petition for writ of *habeas corpus* will be dismissed without prejudice for failure to exhaust state remedies. Under 28 U.S.C. § 2254(b)(1), a prisoner seeking *habeas corpus* relief must first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>
>     (A) the applicant has exhausted the state remedies available in the courts of the State; or
>
>     (B) (i) there is an absence of available State corrective process; or
>         (ii) circumstances exist that render such process ineffective to protect the rights of the appellant
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

*See* 28 U.S.C. § 2254.

"A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of

exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal habeas petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (*quoting Rose*, at 518) (citations omitted).

The petitioner still has the remedy of a request for post-conviction collateral relief which he may pursue in state court. As such, the instant petition for a writ of *habeas corpus* must be dismissed without prejudice for failure to exhaust state remedies.

### A Stay and Abeyance Is Not Appropriate in the Instant Case

In limited circumstances, a court may stay *habeas corpus* proceedings and hold them in abeyance to provide a petitioner the opportunity to exhaust his remedies in state court. It is clear that, as to a "mixed petition" (containing unexhausted and exhausted claims), a petitioner may seek an order to stay his *habeas corpus* proceedings and hold them in abeyance while he exhausts his available state court remedies. *See Rhines v. Weber*, 544 U.S. 269 (2005) (authorizing the court to hold a "mixed petition" in abeyance while the petitioner exhausts his remedies in state court). This same procedure *may* be available as to an "unmixed" petition (containing only unexhausted claims) – like the instant petition – though the Supreme Court has suggested this only in dicta. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). The Fifth Circuit has not decided this issue, and lower courts within the circuit are split. *See Overbey v. Mississippi Dept. of Corr.*, No. 4:16-CV-225-DMB-RP,

2017 WL 4274860, at *4, n.5 (N.D. Miss. Sept. 26, 2017) (applying stay and abeyance to fully unexhausted petition); *but see Guess v. Director*, TDCJ-CID, No. 6:12-cv-186, 2012 WL 3984898, at *4–5 (E.D. Tex. Aug. 6, 2012) (holding that *Rhines* does not apply to "unmixed" petitions). Regardless, as discussed below, the circumstances of this case do not warrant use of this procedure.

Stay and abeyance is an extraordinary remedy – seldom appropriate when all claims are unexhausted. *See Rhines, supra,* at 277. Indeed, "granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts." *Id.* (holding that district courts have the discretion to stay-and-abate petitions containing both exhausted and unexhausted claims); *Neville v. Dretke*, 423 F.3d 474, 479 (5th Cir. 2005) (holding that the granting of a stay "effectively excuses a petitioner's failure to present his claims first to state court"). Liberal use of the stay and abeyance procedure would essentially eliminate the exhaustion requirement Congress intended.

A stay is most appropriate when dismissal of the petition might result in the petitioner losing his opportunity for federal review of his claims because a second petition, filed after the claims have been presented to the state court, would be barred under the statute of limitations provision of the Antiterrorism and Effective Death Penalty Act (AEDPA). *Rhines*, 544 U.S. at 274–77.[5] However, "stay and abeyance should be available only in limited circumstances" because a "stay and abeyance has the potential to 'frustrate AEDPA's objective of encouraging finality' and 'AEDPA's goal of streamlining federal *habeas* proceedings.'" *Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010) (citing *Rhines,* 544 U.S. at 277). Under *Rhines*, stay and abeyance is appropriate *only* when: (1) there was "good cause" for the failure to exhaust the claims; (2) the claims are not plainly meritless; and (3)

---

[5] The statute of limitations under 28 U.S.C. § 2244(d) continues to run even during the pendency of a federal *habeas corpus* petition. *See Jones v. Lumpkin*, 22 F.4th 486, 490 n.1 (5th Cir. 2022) (citing *Duncan v. Walker*, 533 U.S. 167, 181 (2001) (reaffirming that "the time during which a federal *habeas* application is pending does not serve to statutorily toll the limitations period under 28 U.S.C. § 2244(d)(2)").

there is no indication that the failure to exhaust was for purposes of delay. *Id.* at 278.

In this case, Hollingsworth has not shown good cause for his failure to exhaust his claims in state court. *See id.*, 544 U.S. at 277. The Supreme Court did not intend "good cause" to mean "good excuse" in the technical sense – but rather "good cause" in the equitable sense. *See Ruiz v. Quarterman*, 504 F.3d 523, 529 n.17 (5th Cir. 2007). Noting the lack of "consensus among federal courts on what constitutes 'good cause' within the meaning of *Rhines*," this court concluded that "it is analogous to the external 'cause' required to excuse a procedural default." *Brawner v. Epps*, 2008 WL 1745541, at *1 (N.D. Miss. Apr. 11, 2008) (citing *Coleman v. Thompson*, 501 U.S. 722, 755 (1991) (requiring that petitioner show some "objective factor external to the defense" that made it impossible to bring the claim earlier in state proceedings)).

The "limited circumstances" contemplated in *Rhines* do not exist here, as Hollingsworth has not shown "good cause" to excuse his failure to exhaust his claims in state court. Indeed, Hollingsworth admittedly *chose* to file a federal *habeas corpus* petition in this court, rather than exhaust his state court remedies beforehand. For these reasons, staying these proceedings and holding them in abeyance is not warranted.

## Conclusion

In sum, the instant petition for writ of *habeas corpus* must be dismissed without prejudice for failure to exhaust state remedies. The court cautions the petitioner that the one-year federal *habeas corpus* limitations period has been running during the pendency of this federal petition, and he must move with diligence to ensure that he exhausts state remedies prior to the expiration of the federal *habeas corpus* deadline. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 22 day of September, 2025.

_____
SENIOR JUDGE